DAVIS, Judge.
Kenneth Dickey challenges the final judgment entered on his guilty plea to several drug offenses. He pleaded guilty after the trial court denied his dispositive motion to suppress. We reverse.
At the suppression hearing, Detective Mark Willis testified that on July 11, 2002, at about 5 p.m., he was traveling southbound on Highway 17 when he saw a blue and white Ford Bronco-type vehicle parked on the edge of the road. At that time, he did not notice any residences in the area. As he got closer to the vehicle, Willis noticed a man walking out of the woods balancing several objects on top of a large wooden box he was carrying. It was drizzling outside.
Willis decided to speak to the man because Willis believed it was unusual to see a man walking out of the woods carrying a large box. Willis also knew that citizens had complained about marijuana cultivation in the area and that, as part of a police eradication program for marijuana, officers conducting helicopter flyovers had seen indications of marijuana cultivation in the area. In addition, he knew that this general area of the county had trouble with burglaries.
However, by the time that Willis was able to turn his vehicle around and drive back to the area where he had seen the man, the man had returned to his vehicle and driven off. Willis then followed the vehicle, called for assistance, and made a traffic stop. Willis pulled up behind Dickey’s vehicle and, before Willis could get to the driver’s side, Dickey called out that he did not have a license. Willis proceeded to place Dickey under arrest for driving with a suspended license. The search subsequent to arrest led to the discovery of narcotics.
An officer is permitted to temporarily detain an individual when the officer has a founded suspicion that the individual has committed, is committing, or is about to commit an offense. Williams v. State, *616 769 So.2d 404 (Fla. 2d DCA 2000). That founded suspicion must be based on the “ ‘totality of the circumstances as viewed by an experienced officer.’ ” Id. at 406 (quoting Curtis v. State, 748 So.2d 370, 372 (Fla. 4th DCA 2000)).
We conclude that Detective Willis did not possess the required founded suspicion to stop Dickey based on the information he had at the time. While Detective Willis knew of alleged marijuana cultivation in the area, he admitted that no marijuana had actually been found. He also knew of burglaries in that area of the county, but not in the specific wooded area where he saw Dickey. Moreover, at the suppression hearing Detective Willis admitted that he did not see Dickey break any laws or commit any traffic offenses. Given the totality of the circumstances, Detective Willis did not possess the founded suspicion required to justify the stop.
The only evidence available to Detective Willis was that a man was carrying a large box out of the woods in the rain. While this may have appeared suspicious, in the absence of any other facts to suggest illegal activity, it did not amount to the founded suspicion necessary to effectuate a permissible stop.
Because the stop was not permissible, the narcotics that were discovered as a result should have been suppressed. Accordingly, we reverse the trial court’s denial of Dickey’s dispositive motion to suppress and vacate his conviction.
Reversed.
SILBERMAN, J., and THREADGILL, EDWARD F., Senior Judge, Concur.